```
                UNITED  STATES  DISTRICT  COURT
                   EASTERN DISTRICT OF LOUISIANA

TIMOTHY HERZOG                                    CIVIL ACTION

versus                                            NO. 05-3322

HARTFORD INSURANCE COMPANY                        SECTION: E/1
OF THE MIDWEST, d/b/a THE
HARTFORD'S OMNI AUTO PLAN, ET AL
```

### ORDER AND REASONS

This matter is before the Court on Defendant Western World Insurance Company's ("Western World") motion for summary judgment. R.d. #39. No timely opposition was filed. For the reasons that follow, the motion is granted.

### BACKGROUND

This lawsuit arises out of an automobile accident that occurred on September 3, 2004. Plaintiff, Timothy Herzog ("Herzog"), was a passenger in a vehicle that was struck by a vehicle driven by Bradley Spiers ("Spiers").[1] Herzog initially sued Spiers and his automobile insurer, and State Farm Mutual Automobile Insurance Company, Herzog's uninsured/underinsured automobile insurer. He later added movant, Western World, as a defendant. R.d. #23. Finally, Herzog added Spiers' employer, Spiers Masonry, Inc., as a defendant, alleging that at the time of the accident, Spiers was acting within the course and scope of his employment. R.d. #37. Western World provides general

---

[1] The accident occurred in Jefferson Parish, Louisiana. Herzog is a resident of Louisiana; Spears is a resident of Mississippi. The matter is in federal district court pursuant to diversity jurisdiction.

commercial liability insurance coverage to Spiers Masonry, Inc.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial."  Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), quoting Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).  The nonmoving party cannot satisfy its burden with "unsubstantiated assertions" or "conclusory allegations."  Id.  Moreover, in a diversity case, a federal district court is bound by the forum state's substantive law. American Gen. Ins. Co. v. Ryan, 274 F.3d 319, 328 (5th Cir.

2001).

"An insurance policy is an agreement between the parties and should be interpreted by using ordinary contract principles." <u>Ledbetter v. Concord General Corp.</u>, 665 So.2d 1166, 1169 (La. 1996). A contract has the effect of law for the parties to the contract. La. C.C. art. 1983. "Interpretation of a contract is the determination of the common intent of the parties." La. C.C. art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. Words in a contract are to be given their generally prevailing and ordinary meaning, unless they have acquired a technical meaning. La. C.C. art 2047; <u>Schroeder v. Board of Supervisors of La. State Univ.</u>, 591 so.2d 3432, 345 (La. 1991).

Regarding exclusionary provisions in insurance contracts, the Louisiana Supreme Court has held as follows:

> Exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. However, the rule of strict construction does not "authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." <u>Muse v. Metropolitan Life Ins. Co.</u>, 193 La. 605, 192 So. 72, 75 (1939). Insurance companies have the right to limit coverage in any manner they desire, so long as limitations do not conflict with statutory provisions or public policy.

<u>Ledbetter</u>, 665 So.2d at 1169 (other citations omitted).

Western World argues that the general commercial liability

policy it provides to Spiers Masonry, Inc., expressly excludes coverage for bodily injuries arising from the use of an automobile.  Western World attached a copy of its Policy No. NPP 0808268.  Memorandum in Support of Motion for Summary Judgment, Ex. C.  The policy provides general commercial liability coverage to the corporation, and states as follows:

>     SECTION I - COVERAGES
>     COVERAGE A BODILY INJURY AND PROPERTY   DAMAGE
>     LIABILITY
>
>     2.    Exclusions
>           This insurance does not apply to:
>           g.    Aircraft, Auto Or Watercraft
>                 "Bodily injury" or "property
>                 damage" arising out of the
>                 ownership, maintenance, use or
>                 entrustment to others of any
>                 aircraft, "auto" or watercraft
>                 owned or operated by or rented
>                 or loaned to any insured.  Use
>                 includes operation and "loading"
>                 or "unloading".

There is no dispute that this lawsuit arises out of an automobile accident.  Even assuming, as alleged in Herzog's Second Supplemental and Amending Complaint, that when the accident occurred Spiers was driving the automobile while in the course and scope of his employment with Spiers Masonry, Inc., the automobile exclusion in the general commercial liability policy applies.  *See* Calvin v. Janbar Enterprises, Inc., 856 So.2d 88, 91 (La.App. 4 Cir. 9/24/03), *writ denied*, 865 So.2d 92 ( La. 1/30/04)(When the use of a motor vehicle is an essential element to plaintiff's theory of liability, that is, if the accident at issue would not have occurred without the motor vehicle, then the

policy exclusion applies.)  There is no dispute as to any material fact, and Western World is entitled to summary judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that Western World's motion for summary judgment against Timothy Herzog is **GRANTED,** dismissing Plaintiff's complaint against Western World Insurance Company, Inc.

New Orleans, Louisiana, July 5, 2006.

*/s/ Marcel Livaudais, Jr.*
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge